The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts and conclusions of law as those reached by the Deputy Commissioner with minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
The undersigned find as fact and conclude as matters of law the following, which were entered into by the parties at the hearing as
STIPULATIONS
1. On May 8, 1993 the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On that date an employment relationship existed between plaintiff and defendant.
3. Liberty Mutual Insurance Company was the carrier on risk on May 8, 1993.
4. Plaintiff's average weekly wage is $222.75.
5. The only issue for determination is whether plaintiff suffered a compensable injury arising out of and in the course of employment with defendant-employer.
* * * * * * * * * * *
Based upon all of the competent, credible and convincing evidence adduced at the initial hearing, the undersigned make the following additional
FINDINGS OF FACT
1. On May 2, 1993 plaintiff was a 25-year-old male employed by the employer-defendant as a gasoline mechanic. As a gasoline mechanic, part of plaintiff's job duties required him to work on various automobiles used in the operation of Ghost Town, which is an amusement park in Maggie Valley, North Carolina.
2. Plaintiff began work with employer-defendant on May 24, 1992. Plaintiff's supervisor was Perry Littrell during his entire employment.
3. Eddie Nash was also an employee of employer-defendant. Mr. Nash was the supervisor of the country music show and performed in it. Mr. Nash was not the plaintiff's supervisor on May 8, 1993.
4. On May 2, 1993 plaintiff was working on a gasoline powered train when he splashed gasoline in his eyes. He received medical care and treatment for this incident. Following the incident, he experienced visual difficulties, including blurring.
5. On May 8, 1993 Eddie Nash drove his personal vehicle on defendant's property up the mountain to get to his required work location. Upon approaching the gate entrance in the vicinity of both the incline railroad and chairlift drop-off area and the maintenance operations area, Mr. Nash noticed his vehicle was leaking gasoline.
6. On May 8, 1993 plaintiff arrived at work as usual and reported to the garage around 8 a.m. Upon arrival, he noticed Mr. Nash's car in the garage. Mr. Nash inquired as to whether plaintiff could repair the gas leak.
7. Perry Littrell authorized plaintiff to work on Mr. Nash's vehicle.
8. At numerous times in the past, defendant-employer has both authorized and required its maintenance employees, including plaintiff, to perform repair and/or service work on vehicles of R.B. Coburn, owner of defendant-employer; David Coburn, the owner's son; and various other supervisory employees.
9. There were also some safety concerns related to the spilled gasoline from Mr. Nash's vehicle in the vicinity of the area frequented by customers.
10. At some time later in the morning of May 8, 1993, plaintiff completed the repair work of Nash's vehicle. Perry Littrell informed plaintiff that he could throw the remaining gasoline over the retaining wall ledge into a rocky embankment. While disposing of the gasoline, plaintiff lost his footing on the retaining wall ledge, and fell approximately twenty (20) feet onto the rocky embankment. As a result of this fall, plaintiff sustained injuries to his right arm, right side of head, right leg and knee and back which required hospitalization.
11. Plaintiff's activities in repairing Nash's vehicle that was leaking gasoline indirectly furthered the defendant-employer's business. Further, plaintiff had reasonable grounds to believe his actions would benefit employer, and the repairing of the vehicles of management employees was common practice.
12. On May 8, 1993, plaintiff was acting within the course and scope of his employment when he repaired Mr. Nash's vehicle and fell off the ledge while emptying gasoline in the spot where his supervisor told him that he could dispose of it.
13. Defendant-employer terminated plaintiff on July 17, 1993. Even though Perry Littrell was plaintiff's supervisor and in charge of hiring and firing for his employees, Mr. Littrell did not know plaintiff had been fired until at the initial hearing.
14. Defendants defended this action with reasonable grounds.
* * * * * * * * * * *
The foregoing findings of fact and conclusions of law engender the following additional
CONCLUSIONS OF LAW
1. On May 8, 1993 plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to have defendants provide all medical treatment arising from this injury by accident to the extent it tends to effect a cure, give relief or lessen plaintiff's disability. N.C. Gen. Stat. § 97-25.
3. Those issues related to compensation, including temporary total disability, temporary partial disability, permanent partial disability, permanent total disability or any other compensation are still pending and if they cannot be resolved by agreement, either party may request a hearing on those issues.
4. Plaintiff is not entitled to have defendants pay his attorney fees for the hearing, as this case was defended with reasonable cause. N.C. Gen. Stat. § 97-88.1.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
AWARD
1. Defendants shall pay all medical expenses incurred by plaintiff as a result of his compensable injury on May 8, 1993, when bills for the same shall have been submitted to the Industrial Commission pursuant to approved Industrial Commission procedure.
2. Those issues related to compensation, including temporary total disability, temporary partial disability, permanent partial disability, permanent total disability or any other compensation are left open and not addressed by this Opinion and Award. If the parties cannot resolve these issues by agreement, either party may request a hearing by filing an Industrial Commission Form 33.
3. Defendants shall pay the costs.
This case is ORDERED REMOVED from the Full Commission docket.
This the _______________ day of ___________________ 1997.
 S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _____________________ LAURA K. MAVRETIC COMMISSIONER
S/ _____________________ PHILLIP A. HOLMES DEPUTY COMMISSIONER
JHB/nwm
10/21/97